UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE FELDER, | : | No. 3:12-cv-00650 (MPS) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| COMMISSIONER OF CORRECTION, | : | |
| Respondent. | : | June 1, 2015 |

_____

### RULING ON AMENDED PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Bruce Felder, an inmate currently confined at the Corrigan-Radgowski

Correctional Institution in Uncasville, Connecticut, brings this action *pro se* for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254. He challenges his 2004 convictions for larceny in the first

and second degree. For the reasons that follow, the amended petition is denied.

### I.      Standard of Review

A federal court will entertain a petition for writ of habeas corpus challenging a state court

conviction only if the petitioner claims that his custody violates the Constitution or federal laws.

28 U.S.C. § 2254(a). In addition, Section 2254(d) "imposes a highly deferential standard for

evaluating state-court rulings and demands that state-court decisions be given the benefit of the

doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations and internal quotation marks

omitted).  A federal court may not grant a petition for a writ of habeas corpus filed by a person in

state custody with regard to any claim that was rejected on the merits by the state court unless the

adjudication of the claim in state court either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Clearly established federal law is found in holdings, not dicta, of the Supreme Court at the time of the state court decision. *See Carey v. Musladin*, 549 U.S. 70, 74 (2006). Thus, "[c]ircuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.'" *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012) (quoting 28 U.S.C. § 2254(d)(1)). The law may be a generalized standard or a bright-line rule intended to apply the standard in a particular context. *See Kennaugh v. Miller*, 289 F.3d 36, 42 (2d Cir.), *cert. denied*, 537 U.S. 909 (2002).

A decision is "contrary to" clearly established federal law where the state court applies a rule different from that set forth by the Supreme Court or if it decides a case differently than the Supreme Court on essentially the same facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court unreasonably applies Supreme Court law when the court has correctly identified the governing law, but unreasonably applies that law to the facts of the case, or refuses to extend a legal principle clearly established by the Supreme Court to circumstances intended to be encompassed by the principle. *See Davis v. Grant*, 532 F.3d 132, 140 (2d Cir. 2008), *cert. denied*, 555 U.S. 1176 (2009). The state court decision must be more than incorrect; it also must be objectively unreasonable, which is a substantially higher standard. *See Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

When reviewing a habeas petition, the federal court presumes that the factual determinations of the state court are correct. The petitioner has the burden of rebutting that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (standard for evaluating state-court rulings where constitutional claims have been considered on the merits and which affords state-court rulings the benefit of the

doubt is highly deferential and difficult for petitioner to meet). In addition, the federal court's review under section 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *See id.*

## II.     Procedural History

On or about October 29, 2002, Hartford police officers arrested the petitioner on charges of carjacking, robbery, and assault. On November 26, 2002, an Assistant State's Attorney for the Geographical Area 14 filed an Information charging the petitioner with one count of robbery in the first degree, one count of carjacking, one count of larceny in the first degree, and one count of assault in the second degree. On March 23, 2004, the State's attorney filed an Amended Long Form Information charging the petitioner with one count of robbery in the first degree in violation of Conn. Gen. Stat. § 53a-134(a)(3), one count of conspiracy to commit robbery in the first degree in violation of Conn. Gen. Stat. §§ 53a-48(a) and 53a-134a(a)(3), one count of larceny in the first degree in violation of Conn. Gen. Stat. § 122(a)(3), one count of larceny in the second degree in violation of Conn. Gen. Stat. § 53a-123(a)(3), and one count of assault in the second degree in violation of Conn. Gen. Stat. § 53a-60(a)(2). *See* Resp't's Mem. Opp'n to Second Amended Pet. Writ Habeas Corpus, App. B1 at 13-14. The prosecution began to present its evidence on April 2, 2004 and rested its case on April 5, 2004. The defense presented its evidence and rested its case on April 5, 2004. *See id.* at 8.

On April 8, 2004, a jury convicted the petitioner of one count of larceny in the first degree (Count Three) and one count of larceny in the second degree (Count Four) and acquitted the petitioner on the remaining charges. *See id.* at 9. The jury also convicted the petitioner of being a persistent felony offender. *See id.* at 9, 15. On June 16, 2004, a judge sentenced the petitioner to a

total effective sentence of thirty years. *See id.* at 9.[1]

The petitioner appealed his conviction on multiple grounds. He contended that the trial judge had improperly limited his cross-examination of a witness, failed to instruct the jury on all elements of larceny, erred in denying his motion for new trial, and improperly upheld the conviction for larceny in the first degree despite insufficient evidence of the value of the property stolen. *See State v. Felder*, 95 Conn. App. 248, 250, 897 A.2d 614, 617 (2006). On May 9, 2006, the Connecticut Appellate Court affirmed the judgment of conviction. *See id.* at 263, 897 A.2d at 624. On June 29, 2006, the Connecticut Supreme Court denied certification to appeal. *See State v. Felder*, 279 Conn. 905, 901 A.2d 1226 (2006).

In June 2006, the petitioner filed a habeas petition in the Connecticut Superior Court for the Judicial District of Tolland at Rockville claiming trial counsel was ineffective.  On April 1, 2010, after a hearing, a judge denied the petition.  *See* Pet. Writ. Habeas Corpus at 36-38, 52-69; *Felder v. Warden*, TSR-CV06-4001113-S (Conn. Super. Ct. Apr. 1, 2010). On April 28, 2012, the Connecticut Appellate Court dismissed the appeal in a *per curiam* decision.  *See id.* at 94; *Felder v. Commissioner of Correction*, 133 Conn. App. 906, 908, 36 A.3d 308–09 (2012). On May 9, 2012, the Connecticut Supreme Court denied certification to appeal.  *See Felder v. Commissioner of Correction*, 304 Conn. 931-32, 43 A.2d 661 (2012).

On April 16, 2012, the petitioner filed a motion to correct illegal sentence claiming that his convictions for both larceny in the first degree and larceny in the second degree violated the Double Jeopardy Clause of the Fifth Amendment. *See* Resp't's Mem. Opp'n Second Amended

---

[1] Specifically, the trial court sentenced Mr. Felder to 20 years' imprisonment on Count Three and 10 years' imprisonment on Count Four, to run consecutively.

Pet. Writ Habeas Corpus, App. B1 at 16-18. On February 7, 2013, a judge denied the motion. *See id.* at 19-21. The petitioner appealed the decision. On November 5, 2013, the Connecticut Appellate Court affirmed the judgment of the trial court. *See State v. Felder*, 146 Conn. App. 621, 78 A.3d 224 (2013). On January 15, 2014, the Connecticut Supreme Court denied certification to appeal. *See State v. Felder*, 279 Conn. 905, 901 A.2d 1226 (2006).

### III.   Factual Background

On direct appeal, the Connecticut Appellate Court determined that the jury could have reasonably found:

> On August 16, 2002, Joseph Lewis and Robert Charette, Jr. drove to Hartford in Lewis' 2001 Chevrolet S-10 pickup truck for the purpose of attending an event at the Hartford Civic Center. Once the men arrived in Hartford, they became lost and ended up in the north end of Hartford, where they encountered the defendant while stopped at a traffic light. The defendant pulled Lewis from his vehicle and then took his wallet, money, chain necklace and keys from his person. Charette left the vehicle and fled. The defendant then drove away in the vehicle. Later the next day, the police apprehended the defendant, who was found next to Lewis' vehicle with the keys to the vehicle on his person.

*Felder*, 95 Conn. App. at 250, 897 A.2d at 617.

### IV.   Discussion

The petitioner challenges his convictions on two grounds. He claims that (1) there was insufficient evidence to support a conviction for larceny in the first degree and (2) his convictions for both larceny in the first degree and larceny in the second degree violate the Double Jeopardy Clause of the Fifth Amendment.

#### A.   Insufficient Evidence

In the first ground for relief, the petitioner contends that the state presented insufficient

evidence to enable the jury to conclude beyond a reasonable doubt that he was guilty of larceny in

the first degree. Specifically, the state failed to present evidence that the value of the motor

vehicle owned by Lewis exceeded $10,000.00 in value at the time of the larceny as required to

meet the statutory definition of larceny in the first degree under Connecticut General Statutes §

53a-122(a)(3).[2]

"[T]he Due Process Clause protects the accused against conviction except upon proof

beyond a reasonable doubt of every fact necessary to constitute the crime with which he is

charged." *In re Winship*, 397 U.S. 358, 364 (1970). When a criminal defendant challenges the

sufficiency of the evidence used to convict him, the reviewing court (here, the state courts) must

"view[] the evidence in the light most favorable to the prosecution" and determine whether "any

rational trier of fact could have found the essential elements of the crime beyond a reasonable

doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In discussing this standard, the Supreme

Court has emphasized "the deference owed the trier of fact and, correspondingly, the sharply

limited nature of constitutional sufficiency [of the evidence] review." *Wright v. West*, 505 U.S.

277, 296 (1992).

In its review of this claim, the Connecticut Appellate Court applied state cases with

holdings that mirror the applicable federal law. Because the Connecticut Appellate Court applied

the correct legal principles, the decision is not contrary to clearly established federal law. *See*

*Early v. Packer*, 537 U.S. 3, 8 (2002) (holding that state court need not be aware of nor cite

relevant Supreme Court cases as long as the reasoning and decision do not contradict applicable

---

[2] In 2009, over five years after Felder was convicted, the Connecticut General Assembly increased the value threshold
in Section 53a-122(a)(3) from ten to twenty thousand dollars.

law). Thus, the court considers whether the analysis of the Connecticut Appellate Court was an unreasonable application of federal law.

The Connecticut Appellate Court first examined the elements of the crime of larceny in the first degree as defined by Conn. Gen. Stat. § 53a-122(a)(3). *See Felder*, 95 Conn. App. at 260. The prosecution was required to prove that the petitioner had committed a larceny as defined in Conn. Gen. Stat. § 53a-119A and that the stolen property was a motor vehicle, the value of which exceeded $10,000.00. Under Conn. Gen. Stat. § 53a-119, "[a] person commits larceny when with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner." Conn. Gen. Stat. § 53a-119.

The relevant statutory definition provides that the value of property "means the market value of the property . . . at the time and place of the crime or, if such cannot be satisfactorily ascertained, the cost of replacement of the property . . . within a reasonable time after the crime." Conn. Gen. Stat. § 53a-121(a)(1). As the Connecticut Appellate Court noted in this case, Connecticut courts have defined "market value" as "the price that would in all probability . . . result from fair negotiations where the seller is willing to sell and the buyer desires to buy." *Felder*, 95 Conn. App. at 261 (citations omitted). Furthermore, under Connecticut law, an owner of stolen property may testify as to its value by estimating its worth. *Id.*

At trial, the victim testified that he had purchased the truck approximately three months prior to the theft. He paid $22,500.00, which was full sticker price for the truck. The jury was entitled to credit this testimony. The Appellate Court considered both the evidence presented at trial and the inferences that could be drawn from the evidence and determined that there was sufficient evidence for the jury to conclude that the value of the truck exceeded $10,000.00 in

7

value at the time it was stolen by the petitioner. *See* Resp't's Mem. Supp. Mot. Dismiss, App. F.,

Apr. 2, 2004 Tr. at 19-20, 37-40.

Viewing the evidence presented to the jury in the light most favorable to the prosecution

and considering that the jury was entitled to believe the testimony of the owner of the vehicle, this

Court cannot find that the Connecticut Appellate Court's conclusion that there was legally

sufficient evidence to satisfy the state's burden of proof on the element requiring a motor vehicle

valued in excess of $10,000.00 at the time of the theft was an unreasonable application of

established federal law or based upon an unreasonable determination of the facts. *See* 28 U.S.C. §

2254(d). The petition for a writ of habeas corpus is denied on this ground.

**B.      Violation of the Double Jeopardy Clause**

In the second ground for relief, the petitioner argues that his conviction on one count of

larceny in the first degree and one count of larceny in the second degree violates his right to be

free from double jeopardy. The respondent contends that relief should be denied on this claim

because the state court reasonably applied established federal law.

The Double Jeopardy Clause provides that no person shall be "subject for the same

offense to be twice put in jeopardy of life and limb." U.S. Const. amend. V. The prohibition on

double jeopardy protects against: (1) a second prosecution for the same offense after acquittal; (2)

a second prosecution for the same offense after conviction; and (3) multiple punishments for the

same offense. *See North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).

To determine whether convictions under separate sections of state criminal law arising

from involvement in a single event or common series of events violate the Double Jeopardy

Clause, the court "look[s] to three factors: the language of the statutes, how those statutes fare"

under the test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932), and any express

legislative intent "on the issue of multiple punishments." *United States v. Muhammad*, 824 F.2d

214, 218 (2d Cir. 1987).  The *Blockburger* test examines whether one offense requires proof of a

fact not required to establish the other. If not, the two offenses are the same for double jeopardy

purposes. *See Blockburger*, 284 U.S. at 304.

In analyzing this claim in connection with the petitioner's motion to correct illegal

sentence, the Connecticut Appellate Court applied the *Blockburger* test. *See Felder*, 146 Conn.

App. at 625-26. Because the Appellate Court applied the correct legal principles, the decision is

not contrary to federal law. Further, the Appellate Court's application of federal law was not

objectively unreasonable. Addressing the petitioner's contention that "his convictions for larceny

in the first degree and larceny in the second degree constituted the same offense and arose out of

the same transaction," *Felder*, 146 Conn. App. at 624, the Appellate Court considered the two

larceny statutes and determined that each required proof of something the other did not.  As noted

above, Section 53a-122(a)(3) provides that "[a] person is guilty of larceny in the first degree when

he commits a larceny, as defined in section 53a-119, and . . . (3) the property consists of a motor

vehicle" valued in excess of "twenty thousand dollars. . . ."  Section 53a-123(a)(3) provides that

"[a] person is guilty of larceny in the second degree when he commits larceny as defined in

section 53a-119, and . . . (3) the property, regardless of its nature or value, is taken from the

person of another. . . ."[3] The Appellate Court concluded that larceny in the first degree under §

53a-122(a)(3), which was charged in Count Three, required proof of the taking of a motor vehicle

---

[3] The petitioner does not challenge the sufficiency of the evidence supporting the conviction for larceny in the second
degree. The Court further notes that the Appellate Court's description of the facts the jury reasonably could have

in excess of $10,000.00, while larceny in the second degree under section 53a-123(a)(3), which was charged in Count Four, required proof of the taking of property from the person of another; as the Appellate Court put it, "Count three did not require the taking of property from another's person while count four did not require the taking of a motor vehicle with a value in excess of ten thousand dollars." *Felder*, 146 Conn. App. at 626. Because "[e]ach charge required proof of a fact that the other did not, . . . the two charges [did] not constitute the same offense," *id.* at 626-27, and thus did not violate the Double Jeopardy Clause. This was a reasonable application of federal law, specifically, *Blockburger*. The amended petition for writ of habeas corpus is denied as to this ground for relief.

## V.    Conclusion

The Amended Petition for Writ of Habeas Corpus (ECF No. 21) is DENIED. The Clerk is directed to enter judgment in favor of the respondent and close this case.

The court concludes that the petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Thus, no certificate of appealability will issue.

**SO ORDERED** this 1st day of June 2015 at Hartford, Connecticut.

_____/s/_____
Michael P. Shea
United States District Judge

---

found includes the following sentence: "The defendant pulled Lewis from his vehicle and then took his wallet, money, chain necklace and keys *from his person*." *Felder*, 95 Conn. App. at 250 (emphasis added).